Inter-Maritime Fwdg. Co., Inc. *v.* United States

**No. 6497.**—Invoices dated London, England, October 1942, etc.
Certified October 1942, etc.
Entered at New York, N. Y., November 23, 1942, etc.
Entry No. 712585, etc.

(Decided November 7, 1946)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

Mollison, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

Jones, McDuffee & Stratton Corp. *v.* United States

**No. 6498.**—Invoice dated Tunstall, Staffordshire, England, October 8, 1940.
Certified October 16, 1940.
Entered at Boston, Mass., November 19, 1940.
Entry No. 3199/4.

(Decided November 12, 1946)

*Benjamin A. Levett* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

Keefe, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the entered values. Insofar as the appeal relates to all other merchandise it is hereby dismissed.
Judgment will be rendered accordingly.